ILENE J. LASHINSKY (#003073)
United States Trustee

ELIZABETH C. AMOROSI (#10755)
Assistant United States Trustee
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone: (602) 682-2600
FAX: (602) 514-7270

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RDX TECHNOLOGIES CORPORATION,<br><br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 2:15-BK-15859-PS<br><br>**MOTION FOR ORDER COMPELLING DEBTOR TO PROVIDE REQUESTED INFORMATION OR, IN THE ALTERNATIVE, TO CONVERT OR DISMISS THIS CASE** |

The United States Trustee, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), hereby respectfully moves this Court for an Order directing the above debtor to comply with her request for administrative information more specifically identified below or, in the alternative, to dismiss or convert this case to one under Chapter 7 of the Bankruptcy Code. This motion is supported by the following Memorandum of Points and Authorities.

## Memorandum of Points and Authorities

**A. Factual Background.**

Debtor filed this case on December 17, 2015. Thereafter, the United States Trustee contacted the debtor and its counsel to schedule an Individual Debtor Interview and request that information be provided. The information was not provided prior to the Individual Debtor Interview. The § 341(a) meeting was held on January 19, 2016; the debtor did not bring these documents to that meeting and they have not been subsequently provided.

**To date, the following information has not been provided by the debtor to the United States Trustee:**

1. A certificate of insurance which provides proof of current general comprehensive liability insurance, and fire and theft coverage on the debtor's business location in Canada, **including proof that the U.S. Trustee has been added as a certificate holder for notification purposes.**

2. A certificate of insurance evidencing that the U.S. Trustee has been added as a certificate holder for notification purposes under the two insurance policies issued by State Farm Fire and Casualty Company, which policies cover the debtor's business location, and storage facilities in Arizona.

3. Proof of opening a Debtor in Possession bank account with an authorized depository, and a copy of a pre-printed check which includes the words "Debtor in Possession", and the full bankruptcy case number.

4. Proof of closing the debtor's two pre-petition bank accounts ending in x8168 and x3015 at the Bank of Montreal, as disclosed in Schedule A/B, Part 1, number 3.

5. Profit and loss statements, and balance sheets for the years ending 2014, and 2015.

6. A copy of the debtor's 2014 federal income tax return.

**In addition, the following documents were requested to be filed with the Court:**

1. An amendment to the Statement of Financial Affairs number 5, to disclose the return by the debtor of the entity M2 Renewables Inc. to the Seller.

2. An amendment to the petition, and to the Statement of Financial Affairs number 7, to disclose the debtor's 2015 bankruptcy filing in Canada.

3. An amendment to the Statement of Financial Affairs number 7, to include the case of Gem Holdco LLC vs. RDX Technologies Corp., filed in the New York Supreme Court, Case no. 0653694/2015.

4. File Form B 26 (Official Form 26), the Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest for the thirteen entities which are 100% owned by the debtor, as disclosed in Schedule A/B, Part 4, number 15.

5. File applications to employ special counsel for the debtor for representation in the pending non-bankruptcy litigation cases.

**As well, the debtor is delinquent in paying quarterly fees for the 4th quarter of 2015.**

**Legal Analysis.**

The failure by a debtor to timely provide information as reasonably requested by the United States Trustee constitutes independent "cause" for the dismissal of a Chapter 11 case. 11 U.S.C. § 1112(b)(4)(H). In this case, the debtor has failed to provide proof of insurance, the potential lack of which poses a very real danger to the estate and its creditors. As well, there is no evidence that the debtor has closed pre-petition bank accounts or opened new ones. These are very basic requirements for a chapter 11 debtor in possession.

Moreover, the Debtor, as debtor-in-possession, owes a fiduciary responsibility to creditors of the estate. See In re Cochise College Park, Inc. 703 F2d 1339, 1357 (9th Cir. 1983). Certain provisions of the Bankruptcy Court enable the Court, the United States Trustee, and other parties in interest to monitor the debtor's financial affairs in order to ensure that he is complying with his fiduciary responsibilities.

Furthermore, Congress has mandated that the United States Trustee has an obligation to perform certain duties regarding the administration of bankruptcy proceedings. In particular, the United States Trustee is responsible for supervising ". . . the administration of cases and trustees in cases under chapter 7, 11, 12 or 13 of title 11 . . ." *See* 28 U.S.C. § 586 (a)(3). It is this charge which empowers the United States Trustee to request that the Court compel the debtor to immediately obtain insurance and provide the information listed above.

**Conclusion.**

The failure by the debtor to timely provide information constitutes cause for dismissal of a Chapter 11 case. The United States Trustee requested the information set forth above as a means of ensuring, at this critical early stage, that reliable and thorough information about the debtor and his assets is produced.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order directing the debtor to immediately provide the above listed information to the United States Trustee, or have their case converted or dismissed.

RESPECTFULLY SUBMITTED this 25th day of March 2016.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

/s/ ECA #10755
Elizabeth C. Amorosi
Assistant United States Trustee